UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:13-CV-00136-JHM

CHERYL ROACH and
STEPHEN PHILIP ROACH, II            PLAINTIFFS

V.

LAURA HUGHES, WARNER CHILCOTT, PLC,
WARNER CHILCOTT SALES (US) LLC, and
WHEELS, LT                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Objections [DN 51] to Magistrate Judge Brennenstuhl's Order entered March 6, 2015 [DN 40]. Fully briefed, this matter is ripe for decision. For the following reasons, Plaintiffs' objections are **OVERRULED** and the Magistrate Judge's Order is **AFFIRMED**.

I. STANDARD OF REVIEW

The district court reviews an order by a magistrate judge on a non-dispositive matter under a "clearly erroneous" or "contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

II. BACKGROUND

At the time of the subject motor vehicle accident, Defendant Laura Hughes ("Hughes") was driving a vehicle furnished to her by her employer, Defendant Warner Chilcott, which had leased the vehicle from Defendant Wheels, LT ("Wheels"). The lease agreement provided that Warner Chilcott was responsible for insuring the vehicle, as well as for all costs related to maintenance and repair of the vehicle. (See Lease [DN 51-5] ¶¶ 5, 11.) Under the lease agreement, Wheels was to be listed as an additional insured on the insurance policy obtained by

Warner Chilcott. (Id. ¶ 11.) In addition to leasing vehicles, Wheels apparently provided various other services to Warner Chilcott including maintenance assistance, collision repair,[1] and notifying the insurance carrier that a collision has occurred via a "loss notice" or "loss notice report," which contains the driver's account of the accident. (See Theresa Belding Dep. [DN 51-5] 30:22–34:19.) In preparing this loss notice, Wheels conducts "no investigation," instead "[t]hey take the driver's statement verbatim, and then pass that along to the insurance company." (Id. 34:13–:19.)

The parties dispute whether Plaintiffs are entitled to production of a loss notice report prepared by Defendant Wheels that contains communications made by Defendant Hughes immediately following the subject motor vehicle accident. The document in question is a four-page computer-generated questionnaire entitled "Wheels, Inc. Vehicle Loss Notice," apparently completed in response to a telephone call from Defendant Laura Hughes. The report contains factual information about the drivers and vehicles involved in the accident and the nature of the accident itself. The document reflects a creation date of November 7, 2012, the date of the accident.

During a telephonic status conference on the discovery issue on February 18, 2015, Plaintiffs raised the issue of whether they are entitled to production of the document. Defendants objected to production under attorney-client privilege. Magistrate Judge Brennenstuhl directed Defendants to provide him a copy of the disputed document, along with a cover letter setting forth the nature of the privilege asserted, for *in camera* review. (See Magistrate's Order Feb. 18, 2015 [DN 32] 2.) Defendants submitted the report and provided the cover letter in which they stated that the Loss Notice "consists of communications between my clients, driver Laura Hughes, and the vehicle owner, Wheels, Inc. for the purpose of initiating an insurance claim." (See Magistrate's

---

[1] "Wheels provides the service of repairing the vehicles and billing back the lessee [Warner Chilcott]. So they provide a service to select the shop, put the driver in a rental, review the estimates, pay for the repairs, and then bill the company." (Theresa Belding Dep. [DN 51-5] 34:5–:9.)

Order Mar. 6, 2015 [DN 40] 1.) The Magistrate, following his *in camera* review of the document, entered an Order on March 6, 2015, in which he held that the document is a privileged attorney-client communication and, therefore, not discoverable. (See id. at 4.) Plaintiffs object to the Magistrate's Order on the grounds that there are no facts that the statements were made by Hughes with the purpose or expectation that they would be transmitted to an attorney. This Court, by Order dated April 13, 2015 [DN 58], ordered Defendants to respond to Plaintiff's Objections and provide the Vehicle Loss Notice to the Court for *in camera* review.

### III. DISCUSSION

This matter was removed from state court under diversity jurisdiction. "In a diversity case, the court applies federal law to resolve work product claims and state law to resolve attorney-client claims." In re Powerhouse Licensing, LLC, 441 F.3d 467, 472 (6th Cir. 2006); see also Fed. R. Evid. 501. Consequently, Kentucky state law governs this issue of privilege. Kentucky's attorney-client privilege is set forth in KRE 503. Under KRE 503, the general rule of privilege provides:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client:
> (1) Between the client or a representative of the client and the client's lawyer or a representative of the lawyer;
> (2) Between the lawyer and a representative of the lawyer;
> (3) By the client or a representative of the client or the client's lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein;
> (4) Between representatives of the client or between the client and a representative of the client; or
> (5) Among lawyers and their representatives representing the same client.

KRE 503(b). "A communication is 'confidential' if not intended to be disclosed to third persons

other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." KRE 503(a)(5).

In <u>Asbury v. Beerbower</u>, 589 S.W.2d 216 (Ky. 1979), the Kentucky Supreme Court extended the attorney-client privilege to communications between an insured and her liability insurer. The court held that the communications between an insured and a representative of the insurer, concerning an event which may give rise to a claim against her and which is covered by the policy, are privileged because under the policy, the insurer is required to represent the insured and the insured is obligated to cooperate with the insurer. <u>Id.</u> at 217.

The principles enunciated by the Kentucky Supreme Court in <u>Asbury v. Beerbower</u> apply under the facts of this case. Warner Chilcott directed Hughes to call Wheels following a motor vehicle accident. One of the functions Wheels, a named insured, served was to communicate this Loss Notice to Liberty Mutual Insurance Company, the insurer. The insurance policy insuring Hughes, Wheels, and Warner Chilcott required the insureds to cooperate with the insurer and obligated the insurer to provide counsel for the insureds. Accordingly, the attorney-client privilege applies to the Loss Notice document and the document is not discoverable. Defendants are directed to retain a copy of the document until this action is no longer subject to appeal.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Objections [DN 51] to the Magistrate Judge's Order entered March 6, 2015 [DN 40] are **OVERRULED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

May 26, 2015

cc: Counsel of Record