

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:13-CV-00136-JHM

CHERYL ROACH and
STEPHEN PHILIP ROACH, II                                               PLAINTIFFS

VS.

LAURA HUGHES and
WARNER CHILCOTT (US) LLC                                              DEFENDANTS

JURY INSTRUCTIONS

************************************

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

## I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these



instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The Plaintiffs have the burden of proving their case by what is called a preponderance of the evidence. That means that the Plaintiffs have to produce evidence that, considered in light of all the facts, leads you to believe that what the Plaintiffs claim is more likely true than not. If the Plaintiffs fail to meet this burden, the verdict must be for the Defendants.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;



3) Testimony I have instructed you to disregard is not evidence; and

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.



In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons who have testified as opinion or expert witnesses. You do not have to accept the opinions. In deciding how much weight to give them, you should consider the witness's qualifications and how the witness reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.



In this trial, these witnesses were, at times, asked hypothetical questions and they gave answers to such questions. In answering a hypothetical question, an opinion witness must accept as true every asserted fact stated therein, but this does not mean that you must. If you find that assumed facts are not proven, you should disregard the answer based on the hypothetical question.



## II. RULES OF LAW
## INSTRUCTION NO. 1

It was the duty of Defendant, Laura Hughes, in driving her vehicle to exercise ordinary care for her own safety and for the safety of other persons and vehicles using the roadway, and this general duty included the following specific duties:

(a) to keep a lookout ahead for other vehicles in front of her or so near her intended line of travel as to be in danger of collision, having regard for the speed of the respective vehicles and for the traffic upon and condition of the roadway;

(b) to have her vehicle under reasonable control;

(c) to exercise ordinary care generally to avoid collision with other vehicles using the roadway;

AND

(d) not to turn her automobile from a direct course upon Parrish Avenue unless and until such movement could be made with reasonable safety, and if Plaintiff's vehicle was approaching near enough to be affected by such movement, not to turn to the left without first giving a signal of her intention to do so, for not less than the last 100 feet traveled by her before turning, or for such distance as she traveled on Parrish Avenue while she was able to observe the approach of Plaintiff's vehicle (whichever distance was the lesser), by a left-turn signal lamp or mechanical signal device visible from the ~~rear~~ front and the.



If you are satisfied from the evidence that Defendant, Laura Hughes, failed to comply with one or more of these duties and that such failure was a substantial factor in causing the accident, you will find for Plaintiff, Cheryl Roach; otherwise you will find for Defendants.



## INSTRUCTION NO. 2

It was the duty of Plaintiff, Cheryl Roach, in driving her vehicle to exercise ordinary care for her own safety and for the safety of other persons and vehicles using the roadway, and this general duty included the following specific duties:

(a) to keep a lookout ahead for other vehicles in front of her or so near her intended line of travel as to be in danger of collision, having regard for the speed of the respective vehicles and for the traffic upon and condition of the roadway;

(b) to have her vehicle under reasonable control;

(c) to drive at a speed no greater than was reasonable and prudent, having regard for the traffic and for the condition and use of the roadway;

(d) to sound her horn as a warning to the other drivers of her approach if you are satisfied from the evidence that such precaution was required by the exercise of ordinary care;

AND

(e) to exercise ordinary care generally to avoid collision with other vehicles using the roadway.

If you find for Plaintiff, Cheryl Roach, under Instruction No. 1, but are also satisfied from the evidence that Cheryl Roach failed to comply with one or more of her duties under these Instructions and that such failure on her part was a substantial factor in causing the accident, you will determine from the evidence what percentage of total fault



was attributable to Plaintiff. In determining the percentages of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between that conduct and the damages claimed.



# INSTRUCTION NO. 3

The term "ordinary care" as used in these Instructions means such care as the jury would expect an ordinary prudent person to exercise under similar circumstances.



## INSTRUCTION NO. 4

If you find for Plaintiff, Cheryl Roach, under Instruction No. 1, then you will need to determine from the evidence and award the Plaintiff such sums of money as will fairly and reasonably compensate her for such of the following damages as you believe from the evidence she has sustained directly by reason of the November 7, 2012 accident:

1) Past reasonable medical expenses, not to exceed $126,474.03;

2) Future reasonable medical expenses, not to exceed $1,802,947.00;

3) Past lost wages, not to exceed $123,391.00;

4) Permanent impairment of her power to earn money in the future, not to exceed $1,075,390.00;

5) Past pain and suffering, not to exceed $1,500,000.00;

6) Future pain and suffering, not to exceed $1,500,000.00;

If you determine that Plaintiff, Cheryl Roach, is entitled to recover damages for her injuries, your award shall include compensation for losses attributable or related to any pre-existing physical condition, but only if and to the extent that any such pre-existing physical condition was aroused or aggravated by the accident in question.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

11



You must determine the amount of damages without regard to percentages of fault you may attribute to any party.



## INSTRUCTION NO. 5

If you find for Plaintiff, Cheryl Roach, then you will determine from the evidence and award Plaintiff, Stephen Philip Roach, II, a sum of money that will fairly and reasonably compensate him for whatever losses of services, assistance, aid, society, companionship, and conjugal relationship of his wife you believe from the evidence he has sustained or is reasonably certain to sustain in the future as a direct result of her injuries, if any, not to exceed $1,000,000.00.

Again, the fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide.



## III. JURY DELIBERATIONS

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

## REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.



It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I would like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

15



## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

